UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| ROBERT D. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-CV-00102-LRH-WGC |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| SIERRA PACIFIC POWER COMPANY, doing business as NV ENERGY, | ) ) ) | |
| Defendant. | ) ) | |

Before the court is Defendant's motion to enforce settlement (#24[1]) and notice of non-opposition (#26). Also before the court is Plaintiff's untimely opposition and counter-motion for an order declaring no settlement, re-opening discovery and permitting filing of Plaintiff's declaration under seal nunc pro tunc (#28), along with Plaintiff's declaration, filed ex parte (#29). Also before the court is Defendant's consolidated reply, opposition to Plaintiff's counter-motion, and motion to strike Plaintiff's untimely counter-motion and ex parte declaration or, in the alternative, for an evidentiary hearing on the subject of settlement (#30-32). Plaintiff filed an opposition to the motion to strike (#33), and Defendant filed a reply (#34).

///

///

---

[1] Refers to court's docket entry number.

**I.      Facts and Procedural History**

This is an action under the Americans With Disabilities Act arising out of the termination of Plaintiff Robert D. Young's employment with Defendant Sierra Pacific Power Company. Following settlement negotiations commencing in November 2010, the parties reached an agreement to settle the case. On December 8, 2010, Plaintiff's former attorney, Ian Silverberg, told an employee in Defendant's legal department that "we have a deal," and that Plaintiff had accepted the terms of Defendant's counteroffer previously communicated to Silverberg. That offer consisted of dismissal of the lawsuit and a confidential release of claims in exchange for (1) $10,000, (2) ten hours of specialized job placement services provided by Ed Howden & Associates at $75/hour, and (3) recharacterization of Plaintiff's termination from involuntary to voluntary.

On December 16, 2010, defense counsel faxed a written settlement agreement containing the terms agreed upon. On December 22, in response to defense counsel's status inquiry, Silverberg informed defense counsel that he was just waiting to hear back from his client concerning execution of the agreement. On December 27, Silverberg informed defense counsel that he had received a message from Plaintiff's mother that the Plaintiff was ill, which is why he had not responded to his telephone call, and that Silverberg had left another message for Plaintiff and still anticipated that his client would execute the settlement agreement. That did not happen, however.

On January 6, 2011, Silverberg filed a motion to withdraw as Plaintiff's attorney. Doc. #17. The motion indicated that the parties agreed to settle, counsel was instructed by Plaintiff to accept the settlement, Silverberg informed defense counsel of Plaintiff's acceptance, the parties ceased all discovery as a result, but Plaintiff decided to reject the previously-accepted settlement offer upon receipt of the settlement documents and after the close of discovery. *Id.* at 2. Silverberg further indicated that one of the reasons Plaintiff initially accepted the settlement offer was that he was

1  unable to pay for the costs of litigation in conformity with his fee agreement, and counsel was
2  unable to advance the costs. *Id.*

3  At a hearing on the motion to withdraw on January 20, 2011, Plaintiff confirmed to the
4  court that he had in fact agreed to settle the case. Doc. #23, p. 2. Plaintiff further explained that he
5  did so because he felt he had no other option because of his inability to pay $2,500 in litigation
6  costs for Silverberg to continue as his counsel. *Id.* at 2-3. Plaintiff admitted he told Silverberg to
7  "go ahead and make the deal," but he later changed his mind after discussing the matter with family
8  and friends and decided to find a new attorney. *Id.* at 3. The court ultimately granted Silverberg's
9  motion to withdraw, *id.* at 5, and Plaintiff obtained new counsel.

10 Later the same day, Defendant filed the present motion to enforce the settlement (#24). As
11 Plaintiff failed to file an opposition by the due date of Monday, February 7, 2011, Defendant filed a
12 notice of non-opposition (#26) on the morning of February 9. That evening, Plaintiff filed an
13 opposition and counter-motion for an order declaring no settlement, re-opening discovery and
14 permitting filing of Plaintiff's declaration under seal nunc pro tunc (#28), along with Plaintiff's
15 declaration, which was filed ex parte (#29). Defendant then filed a consolidated reply, opposition
16 to Plaintiff's counter-motion, and motion to strike Plaintiff's counter-motion or, in the alternative,
17 for an evidentiary hearing on the subject of settlement (#30-32), Plaintiff filed an opposition to the
18 motion to strike (#33), and Defendant filed a reply (#34).

19 **II.  Motion to Strike**

20 Plaintiff's opposition/counter-motion and supporting declaration were filed two days late,
21 following the filing of Plaintiff's notice of non-opposition, and without any accompanying request
22 for leave, explanation for the late filing, or showing of excusable neglect, as is plainly required by
23 applicable rules. *See* Fed. R. Civ. P. 6(b); L.R. 6-1(b). Counsel's perfunctory explanation that he
24 "mis-calendared the due date" is both tardy itself and not credible. The explanation is offered only
25 in response to Defendant's motion to strike, and the alleged calendaring error is unexplained and
26

3

1  inexplicable under the circumstances.  Defendant's motion to strike shall therefore be granted, and
2  Plaintiff's opposition/counter-motion (#28) and supporting declaration (#29) shall therefore be
3  stricken as untimely.

**III.    Motion to Enforce Settlement**

"Because a settlement agreement is a contract, its construction and enforcement are governed by principles of contract law." *May v. Anderson*, 121 Nev. 668, 672 (2005).  Under Nevada law, "a settlement contract is formed when the parties have agreed to its material terms," even though the exact language is finalized later, and even if a party later refuses to execute the written embodiment of the agreement.  *Id.* at 670; *see also id.* at 674-75.  Whether a contract has been formed in a particular case, however, is a question of fact.  *Id.* at 672.

As in *May*, the evidence is uncontroverted that the parties had agreed to all essential terms of the settlement—namely, dismissal of this lawsuit and a confidential release of claims in exchange for (1) $10,000, (2) ten hours of specialized job placement services provided by Ed Howden & Associates at $75/hour, and (3) recharacterization of Plaintiff's termination from involuntary to voluntary.  Furthermore, Plaintiff's counsel had actual authority to accept the settlement offer made by Defendant.  Indeed, Plaintiff himself admitted to the court that he instructed his counsel to "go ahead and make the deal," and counsel carried out those instructions by communicating Plaintiff's acceptance to defense counsel.  The fact that Plaintiff later refused to sign the proposed draft prepared by defense counsel, which "merely reiterate[d] the release terms of the accepted settlement agreement," "is inconsequential to the enforcement of the documented settlement agreement."  *Id.* at 674-75.

The court therefore finds as a matter of law, based on the undisputed facts presented, that a settlement contract was formed and is enforceable in accordance with the terms stated above.

IT IS THEREFORE ORDERED that Defendant's Motion to Strike (#32) is GRANTED.  Docket Numbers 28 and 29 shall be STRICKEN from the record.

1    IT IS FURTHER ORDERED that Defendant's Motion to Enforce Settlement (#24) is
2 GRANTED.
3    IT IS FURTHER ORDERED that in accordance with terms of the parties' settlement
4 agreement, as recounted herein, the action is hereby DISMISSED.
5    The clerk of court shall enter judgment accordingly.
6    IT IS SO ORDERED.
7    DATED this 14th day of September, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE